(45 Misc. Rep. 620)

### LOPARD v. FRITZ.

(Supreme Court, Appellate Term. December 7, 1904.)

1. BROKERS—SUITS FOR COMMISSIONS—DEFENSES—WANT OF AUTHORITY.

Pen. Code, § 640d, making the act of offering real property for sale by a person not having authority in writing a misdemeanor, cannot be invoked by one who has represented himself to be the owner of property, and who has, by a written agreement, engaged a broker to procure a purchaser, so as to enable him, when sued for the agreed compensation, to defend upon the ground that he is not in fact the owner of the property.

2. SAME—ESTOPPEL.

One who has represented himself to be the owner of real property, and by written agreement has engaged a broker to procure a purchaser, is estopped to assert, in a suit by the broker for commissions, that he is not in fact the owner of the property.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nicholas Lopard against William Fritz. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Ignace I. Apfel, for appellant.
Julius Fischer, for respondent.

BISCHOFF, J. The defendant, representing himself to be the owner of certain property, engaged the plaintiff to procure a purchaser at a price named, and agreed, in writing, to pay him $100 for his services in the event of success. Plaintiff procured the purchaser within the terms of the agreement, but the defendant, when sued for the agreed compensation, defended upon the ground that his wife, not he, was the owner, and successfully invoked the provisions of section 640d of the Penal Code, whereby the act of offering real property for sale by a person not possessed of authority in writing from the owner is made a misdemeanor. It is difficult to find any basis for applying the statute referred to in aid of a party situated as is this defendant. The statute is aimed against the unwarranted offers of sale by brokers, and the assertion against owners of unfounded and unjust claims for commissions (Whiteley v. Terry, 83 App. Div. 197, 202, 82 N. Y. Supp. 89); but I do not conceive the meaning to be that a broker, honestly believing that he is authorized by the owner in the form required by the statute, must undergo the expense of searching the title to the property, lest he risk a criminal prosecution and conviction. Where the broker seeks to charge the owner, with whom he actually negotiated, but from whom he had no written authority, this statute may well be interposed; but to permit the supposed owner, who so described himself in writing, to assert his own misrepresentations in avoidance of his contract to pay for services rendered, would be to give a meaning to the statute beyond the bounds of reasonable interpretation. For the purposes of the enforcement of the contract in suit, the defendant is the owner, since he is estopped from a contrary assertion; and no policy of the law is contravened by absolving the plaintiff from a violation of the statute referred to, since he dealt with the apparent owner, relying upon the only information which was reasonably open to him, and thus satisfied the statute according to its spirit, if not, indeed, to the very letter; adopting the reasonable meaning of the word "owner" for the purposes of a prosecution.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.